**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES D. STERLING,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 1:08-0451** |
| **v.** | : | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **RANDALL BRITTON, ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | | |
| **PENNSYLVANIA, DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | | |
| **YORK,** | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION[1]

Before the court is petitioner Sterling's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1-2). For the reasons set forth below, the court will recommend that the petition be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2001, the petitioner pled guilty to third-degree murder and a possession of firearms charge, in the Pennsylvania Court of Common Pleas, York County. (Doc. No. 1-2 at 1). Accordingly, the court sentenced the

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

petitioner to an aggregate sentence of between twenty and forty years'

imprisonment. *Id.* Subsequently, the petitioner filed a motion to withdraw his

guilty plea. *Id.* at 2. After an evidentiary hearing, the Court of Common Pleas

denied the petitioner's motion to withdraw his guilty plea, and on March 11,

2003, the Pennsylvania Superior Court affirmed the lower court's decision on

the merits. (Doc. No. 7-5 at 2). Furthermore, the petitioner did not timely

pursue a discretionary appeal to the Pennsylvania Supreme Court.

On March 9, 2004, the petitioner filed a timely *pro se* petition under the

Pennsylvania Post-Conviction Relief Act ("PCRA"). *Id.* The Court of Common

Pleas held a hearing on July 19, 2004, at which, the petitioner withdrew the

PCRA petition, and the court accepted the petitioner's withdrawal of his

petition. *Id.* at 2-4.

On September 7, 2004, the petitioner filed a *pro se* "Motion to Reinstate

the [March 2004] *Pro Se* petition." *Id.* at 4. On March 2, 2005, petitioner's

court-appointed counsel filed an additional supplemental petition. *Id.* At a

hearing on June 13, 2006, the petitioner's court-appointed counsel conceded

that the September 2004 petition constituted an untimely second PCRA

petition. *Id.* at 4-5.The Court of Common Pleas agreed, and dismissed the

petition as such, and on January 25, 2008, the Pennsylvania Superior Court

affirmed the dismissal of the second PCRA petition. *Id.* at 5-9.

On February 29, 2008, the petitioner filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania, which was docketed to Civil Action No. 08-0313. (Doc. No. 1-2). On March 6, 2008, the action was transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §2241(d) and 28 U.S.C. §1404, and was docketed to Civil Action No. 1:08-0451. *Id.* An order for the respondents to show cause issued on July 30, 2008, and the respondents responded on September 8, 2008.[2] (Doc. No. 6; Doc. No. 7).

In petitioner Sterling's petition for writ of habeas corpus, he has raised five main claims. (Doc. No. 1-2). First, petitioner claims he was denied his "right to counsel at all critical stages of a criminal prosecution" under the Sixth Amendment. *Id.* at 5. Second, petitioner claims that under the Fourteenth Amendment he was denied his "right to effective assistance of counsel on appeal [because] counsel failed to file [a] requested appeal." *Id.* at 7. Third, petitioner claims his due process rights were violated because he was denied "effective assistance of post conviction appeal counsel [because counsel did not] appeal as of right." *Id.* at 8. Fourth, petitioner claims his guilty plea was

---

[2] The court notes that the respondents did not timely file their response.

involuntary, unknowing, unintelligent, and coerced. *Id.* at 10. Finally, petitioner claims his "first appeal counsel failed to timely file [a] discretionary appeal." *Id.* at 11.

In their response, the respondents have raised three arguments for why the petition should be denied. (Doc. No. 7). First, they argue that the petition is time-barred under the habeas statute's one-year statute of limitations. *Id.* Second, they argue that "the [Pennsylvania] Superior Court's affirmation of the sentencing court's determination that petitioner's guilty plea was knowing and voluntary was not contrary to clearly established federal law and was based on a reasonable factual determination." *Id.* Third, they argue that "the [Pennsylvania] Superior Court's affirmation of the sentencing court's determination that petitioner's PCRA petition was untimely was not contrary to clearly established federal law and was based on a reasonable factual determination." *Id.*

As discussed below, the court finds that the petitioner's petition for writ of habeas corpus has not been timely filed under the one-year statute of limitations, and, therefore, the court will recommend that the petition be denied. Because the court finds that the petition is time-barred, it need not consider the merits of the petitioner's claims, however, it appears that the

4

respondents' other arguments are well taken.

## II.   DISCUSSION

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254 (2006). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court may only entertain a claim raised under §2254 that is filed within the one-year statute of limitations. 28 U.S.C. §2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). The one-year period, as relevant here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in a discretionary appeal to the state or United

States Supreme Court."[3] 28 U.S.C. §2244(d)(1)(A); *Kapral v. United States,*
*166 F.3d 565, 575, 577 (3d Cir. 1999)*.

Furthermore, the statute of limitations is calculated with respect to each

claim raised in the habeas petition.[4] *Fielder, 379 F.3d at 121-22*. The statute

---

[3] Section 2244(d)(1) provides three additional time triggers and directs a court to calculate the one-year period from the latest of the four periods. *See* 28 U.S.C. § 2244(d)(1)(B) (applicable where a state impeded the petitioner's petition), (C) (applicable where the Supreme Court has recognized a new, retroactive right), (D) (applicable where through due diligence, the petitioner could have discovered the factual predicate of his claim). But the triggers are considered seriatim, and the court will only consider the next trigger if the prior trigger is not applicable; §2244(d)(1)(A) is the default trigger applicable in most cases. *Fielder v. Varner, 379 F.3d 113, 116 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005)*; *see Caldwell v. Wilson*, No. Civ. 04-1683, slip op. at * 3 (W.D. Pa. Oct. 28, 2005) ("Although a habeas respondent has the burden of affirmatively pleading [§ 2254's] statute of limitations, it is appropriate, where the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him to show why the date his conviction became final or the date the grace period started to run should be not used to calculate the running of the statute of limitations.") (internal citations and footnote omitted); *Land v. Carroll, 402 F.Supp.2d 514, 517 (D.Del. 2005)* ("[The petitioner] does not allege, nor can the court discern, any facts triggering the application of §§2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under §2244(d)(1)(A).").

[4] Section 2244(d)(1) provides that the statute of limitations "shall apply to an application for writ of habeas corpus." There is debate whether this requires a court to calculate the statute of limitations with respect to the petition as a whole or each claim within the petition. *Cf. Walker v. Crosby, 341 F.3d 1240, 1243 (11th Cir. 2003)* ("The statute provides a single statute of limitations, with a single filing date, to be applied to the application as a whole") *with Fielder, 379 F.3d at 121-22*; *see Khan v. United States, 414 F.Supp.2d 210 (E.D.N.Y. 2006)* (collecting cases and discussing split). In

of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[5] *Id.* § 2244(d)(2); *Wilson,* 426 F.3d at 659; *Merritt,* 326 F.3d at 161-62. It is also equitably tolled where something "extraordinary" prevented the petitioner from raising his rights and the petitioner diligently pursued his rights, but equitable tolling should be used "sparingly." *Pace,* 544 U.S. 408, 125 S.Ct. at 1814; *Brinson v. Vaughn,* 398 F.3d 225, 230 (3d Cir. 2005), *cert. denied,* 126 S.Ct. 473 (2005); *Merritt,* 326 F.3d at 168.

In this case, the petitioner's petition for writ of habeas corpus was not filed within the statute of limitations and should be denied as time-barred. Respondents argue that pursuant to 28 U.S.C. §2244(d)(1)(B), petitioner's

---

obiter dictum, the Supreme Court has indicated a different approach: §2244(d)(1) "provides one means of calculating the limitation with regard to the 'application' as a whole, §2244(d)(1)(A) . . . , but three others that require claim-by-claim consideration." *Pace v. DeGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 1813 n.6 (2005). The court notes the importance of the Supreme Court's dictum, *see IFC Interconsult, AG v. Safeguard Int'l Partners, LLC,* 438 F.3d 298, 311 (3d Cir. 2006) ("[W]e pay due homage to the Supreme Court's well-considered dicta as pharoi that guide our rulings."), but applies the Third Circuit's precedent because it remains binding on this court.

[5]"'[A]n application is '*properly* filed' when its delivery and acceptance'" comply with state procedural rules. *Merritt v. Blaine,* 326 F.3d 157, 162 (3d Cir. 2003), *cert. denied,* 540 U.S. 921 (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)) (emphasis in original). Any decision by a state court finding an appeal or petition to be untimely is dispositive of the issue for the district court. *Merritt,* 326 F.3d at 165-66.

one year period of limitation for habeas corpus relief began to run on July 19, 2004. (Doc. No. 7 at 6). Respondents assert that, as July 19, 2004 is the date petitioner withdrew his timely filed PCRA petition in the Pennsylvania Court of Common Pleas, that is the date from which the impediment to filing his application in federal court was removed. *See* 28 U.S.C. §2244(d)(1)(B) (the statute of limitations begins to run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed). Therefore, respondents argue petitioner's application is time-barred as it was not filed until February 29, 2008, well beyond July 20, 2005, the expiration of the one-year period of limitations pursuant to 28 U.S.C. §2244(d)(1)(B).

Although the court agrees with respondents' argument that petitioner Sterling's petition is time-barred, the court calculated the expiration of the one-year statute of limitations differently. First, the court finds that the petitioner's judgment became final on April 11, 2003, when the period for filing a discretionary appeal to the Pennsylvania Supreme Court expired. *See* 42 PA. CONS. STAT. ANN. §§ 724 (giving the Pennsylvania Supreme Court discretionary jurisdiction over appeals from final orders of the Superior Court), 5571 (providing that the time for filing a discretionary appeal is determined by

the Supreme Court's rules); PA. R. APP. P. 1113 (providing 30 days from final order to petition for allowance of review); *see also* Pennsylvania v. Sterling, No. 1157 MDA 2006 at 7 (Pa. Super. Ct. Jan. 25, 2008) (non-precedential)(attached to Doc. No. 7-5 at 7). Second, the court finds the period of limitations ran from April 11, 2003 until March 9, 2004, the date petitioner filed his timely PCRA petition. *See* 28 U.S.C. §2244(d)(1)(A),(d)(2). Therefore, on July 19, 2004, when petitioner withdrew his PCRA petition, the period of limitations was no longer tolled. 28 U.S.C. §2244(d)(2). Thus, the court finds the petitioner's period of limitations expired long before July 20, 2005, as the period of limitations was previously tolled, and only thirty-two days of the one-year period of limitations remained.[6]

Consequently, the court finds that the petitioner's petition for writ of habeas corpus has not been timely filed within the one-year period of limitations and, therefore, the court recommends that the petition be denied as time-barred.

---

[6] Although petitioner filed additional PCRA petitions, they were not timely filed and, accordingly, they cannot toll the period of limitations. *See* Merritt, 326 F.3d at 165-66.

9

**III.    CONCLUSION**

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the

petitioner's petition for writ of habeas corpus, (Doc. No. 1-2), be **DENIED**.



s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE: August 26, 2009**
O:\shared\REPORTS\2008 Reports\08-0451-01.wpd