# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. STERLING,<br>Petitioner | : <br> : <br> : | Civil Action No. 1:08-cv-451 |
| v. | : <br> : | (Chief Judge Kane)<br>(Magistrate Judge Mannion) |
| RANDALL BRITTON, ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, DISTRICT ATTORNEY OF THE COUNTY OF YORK,<br>Respondent | : <br> : <br> : <br> : <br> : <br> : <br> : | |

## MEMORANDUM

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 29, 2008 Petitioner Charles D. Sterling filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1-2.) The petition was transferred to this Court and referred to Magistrate Judge Mannion for a report and recommendation, resulting in the recommendation that the petition be denied as untimely. (Doc. No. 10.)

After the filing of the report and recommendation, Sterling filed three documents during the time allotted for objections to the report and recommendation. Sterling filed a "Notice of Appeal to the United States Court of Appeals for the Third Circuit Court," which was docketed as an objection to the report and recommendation, an application to proceed *in forma pauperis* ("IFP") in the appeal, and a motion to appoint counsel. (Doc. Nos. 11, 12, 13.) Because no final order had yet been issued in the case and thus any appeal would be premature, the Court will interpret the notice of appeal most favorably to petitioner as an objection to the report and recommendation.

The pertinent facts of this case are that Sterling's state court judgment became final, and

the statute of limitations for Sterling's § 2254 petition began to run, on the date his time to file a discretionary appeal to the Pennsylvania Supreme Court expired, or April 11, 2003. The statute of limitations was then tolled only during the pendency of Sterling's PCRA petition, from March 9, 2004 to July 19, 2004.[1] Sterling then waiting three and a half years to file his habeas petition, eventually filing his § 2254 petition on February 29, 2008. Sterling has provided no reasons to equitably toll the statute of limitations period.

**ACCORDINGLY**, upon *de novo* consideration of Magistrate Judge Mannion's report and recommendation, **IT IS HEREBY ORDERED** that the report and recommendation is **ADOPTED**; Sterling's § 2254 petition (Doc. No. 1-2) is **DENIED**. Reasonable jurors could not disagree as to the untimeliness of Sterling's petition, therefore a certificate of appealability shall not issue.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Doc. No. 13) is **DENIED**.[2]

**IT IS FURTHER ORDERED** that Petitioner's application to proceed IFP (Doc. No. 14) is **DENIED AS MOOT**, since a filing fee has already been paid for the initial § 2254 petition and the Court interpreted his premature "notice of appeal" as an objection to the report and recommendation.[3]

      __s/ Yvette Kane_____
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania

---

[1] Therefore, at the time of withdrawal, of his PCRA petition, thirty-two days remained on Petitioner's § 2254 statute of limitations clock.

[2] As Sterling's § 2254 petition is time-barred, there is no need for appointment of counsel.

[3] It is noted that in the event Petitioner seeks to pursue an appeal, the judgment of the district court is final with the filing of this order, and Petitioner may now seek a certificate of appealability from the Third Circuit Court of Appeals.